**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**ANTHONY LEROY DAVIS,**

                  **Petitioner,**

        **v.**                                 **CASE NO. 18-3132-SAC**

**DAN SCHNURR,**

                  **Respondent.**

## ORDER OF DISMISSAL

    This matter is before the Court on a petition filed under 28 U.S.C. § 2254. Petitioner proceeds pro se. The Court has conducted an initial review of the petition and enters the following findings and order.

    The petition presents two grounds for relief: first, petitioner cites a "fundamental Eighth Amendment right to be free from 'State of Kansas' cruel and unusual punishments and due process of law", (Doc. #1, p. 5), and second, he states, "abuse of discretion, new trial", (*id.*, p. 7). He seeks release from confinement.

### Background

    On June 23, 2015, petitioner filed a state habeas corpus petition under K.S.A. 60-1501. On August 18, 2015, respondent prison officials moved to dismiss the matter on the ground that petitioner had failed to exhaust administrative remedies. The respondent characterized the claims as complaining that a unit team manager had moved a fan so that it no longer was directed at prisoners and that an unnamed officer told prisoners that "you people cannot come up here without a pass." (Doc. #1, Attach. 1, p. 27).

    On November 19, 2015, the court conducted a hearing. Petitioner

appeared and testified as to a lack of adequate food and medical care and prison overcrowding. On December 16, 2015, the state district court dismissed the petition, finding that petitioner failed to produce evidence in support of his assertions. On January 13, 2016, the district court denied petitioner's motion for a new trial and to alter or amend judgment (*id*. at p. 28).

Petitioner filed an appeal challenging the denial of his posttrial motions, and on December 29, 2017, the Kansas Court of Appeals affirmed the rulings of the district court (*id*. at pp. 9-12). On April 26, 2018, the Kansas Supreme Court denied review (*id*. at p. 1).

Petitioner filed the present petition on May 24, 2018.

## Discussion

A federal habeas corpus petition "'attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action … attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions.'" *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997)(quoting *Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993)).

In Kansas, a prisoner may challenge the terms and conditions of his confinement as unconstitutional through a petition filed in a state court under K.S.A. 60-1501. *Jamerson v. Heimgartner*, 326 P.3d 1091(Table), 2014 WL 2871439 *1 (Kan. App. Jun. 20, 2014)(unpublished order). However, a petition under 60-1501 is not the proper avenue for challenging the validity of a prisoner's confinement. *State ex rel. Stephan v. Clark*, 759 P.2d 119, 125 (Kan. 1988)(contrasting actions under K.S.A. 60-1501 and K.S.A. 60-1507).

Here, petitioner's claims allege violations of due process and the Eighth Amendment's ban on cruel and unusual punishment. Because these claims challenge conditions of confinement and not the validity of petitioner's conviction or sentence, petitioner must proceed in a civil rights action under 42 U.S.C. § 1983.[1]

As this matter may not proceed under 28 U.S.C. § 2254, the Court will summarily dismiss the petition.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion to proceed in forma pauperis (Doc. #3) is granted.

IT IS FURTHER ORDERED this matter is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 31st day of May, 2018, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[1] Because petitioner is subject to 28 U.S.C. § 1915(g), he must pay the $400.00 filing fee to proceed in an action filed under 42 U.S.C. § 1983 unless he can demonstrate that he is in imminent danger of serious physical injury.